IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT WILLIAM LEE, | : | |
| Petitioner, | : | 1:16-cv-1629 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| WARDEN EBBERT, | : | |
| Respondent | : | |

## **MEMORANDUM**

### **August 31, 2016**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Scott William Lee ("Lee"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania. Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

**I.    BACKGROUND**

In April 1996, a federal grand jury indicted Lee and codefendants Courtney Floyd, Gregory Ernest, Sterling Wright, and Larry Eugene Reed, on various drugs and weapons charges. *United States v. Gregory*, 151 F.3d 1030 (4th Cir. 1998). "Specifically, all of the men were charged with (1) conspiracy to distribute

---

[1]*See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

marijuana, cocaine and more than 50 grams of "crack" cocaine between January 1984 and February 1996, in violation of 21 U.S.C. § 846; and (2) distribution or possession with intent to distribute cocaine or "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1)." (*Id.*)  The matter proceeded to trial in the United States District Court for the Eastern District of Virginia.  (*Id.*)  Lee and his codefendants were convicted by a jury on the conspiracy and other counts.  (*Id.*)  The trial court then sentenced all of the defendants to terms of imprisonment which included life imprisonment.  (*Id.*; Doc. 1, p. 2).

Lee filed a motion filed under 28 U.S.C. § 2255, which was denied as time barred by the United States District Court for the Eastern District of Virginia.  (Doc. 1, p. 4).   He appealed to the denial of the motion to the United States Court of Appeals for the Fourth Circuit.  The Fourth circuit stated:  "We have reviewed the record and the district court's opinion and find no reversible error.  Accordingly, we deny a certificate of appealability and dismiss the appeal on the reasoning of the district court.  *See United States v. Lee*, Nos. CR-96-22;  CA-99-151 (E.D.Va. Jan. 21, 2000)." *United States v. Lee*, 213 F.3d 633 (4th Cir. 2000).

He filed the instant petition on August 8, 2016, seeking relief from various aspects of the harshness of the sentence he received.  (Doc. 1, pp. 4, 5).

## II.     **DISCUSSION**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Lee filed an initial 2255 petition, which was denied as time-barred. There is no indication that he has raised the claims he raises herein in a second or subsequent motion under 28 U.S.C. § 2255. Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. *See* 28 U.S.C. § 2255; *see Dorsainvil*, 119 F.3d at 251-52. In contending that 2255 is inadequate or ineffective to test the legality of his detention, Lee states as follows: "I filed a 2255 but [it] was time barred. Since then there have been some clarifications as to what or how the ex post facto clause should be administered to sentences by the Supreme Court. Also with regard to drugs and substance there have also been clarifications and in a lot of instances

amounts and substances have been lowered and made retroactive with regard to what drugs and how much." (Doc. 1, pp. 6, 7).

Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. *See id*. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002); *United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241. *Dorsainvil*, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Lee fails to demonstrate that he falls within the *Dorsainvil* exception If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. *Application of Galante*, 437 F.2d 1154, 1165 (3d Cir. 1971).

### III. <u>CONCLUSION</u>

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.